UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA J. GUSTAFSON, )<br>)<br>Plaintiff/Counter-Defendant, )<br>)<br>vs. )<br>)<br>FULL SERVICE )<br>MAINTENANCE CORPORATION, )<br>)<br>Defendant/Counter Claimant. ) | Case No. 4:11CV00443AGF |

## MEMORANDUM AND ORDER

Plaintiff Melissa Gustafson filed this action pursuant to the Fair Labor Standards Act, 28 U.S.C.§ 201 *et seq.*, against her former employer, Defendant Full Service Maintenance Corporation, to obtain unpaid wages and overtime pay. Defendant, seeking to recover moneys allegedly owed it by Plaintiff, filed a counterclaim, asserting various counts under Missouri law. Plaintiff now moves to dismiss Count III of the counterclaim, for breach of the duty of loyalty, and Count V, for abuse of process, on the ground that Defendant failed to plead essential elements of each tort. For the reasons set forth below, Plaintiff's motion to dismiss will be granted.

**Background**

Plaintiff alleges that Defendant discharged her from her position as an administrative assistant and has refused to pay her certain overtime and wages. In the counterclaim, Defendant alleges that it placed Plaintiff, an at-will employee, in a position of trust, often leaving her alone to oversee its office and interact with clients, and that Plaintiff breached a duty of loyalty to Defendant by obtaining wages for hours not

worked, closing the office without notice to Defendant, telling clients they did not have to pay for services provided, stealing personal property belonging to Defendant, refusing to carry out her job responsibilities, and "being rude" to Defendant's customers in an attempt to sabotage Defendant's business. Defendant further asserts a claim for abuse of process, alleging that Plaintiff filed this action in retaliation for her termination and "to create leverage to prevent Defendant from recovering and collecting" certain loans Defendant allegedly made to Plaintiff.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need not contain "detailed factual allegations," but it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not be sufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555).

Under this standard, the task of a court is "to review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")). "This is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Iqbal*, 129 S. Ct. at 1950.

**Breach of the Duty of Loyalty**

Missouri courts recognize a tort for breach of the duty of loyalty owed by every employee to her employer, *Scanwell Freight Express STL, Inc. v. Chan*, 162 S.W.3d 477, 479 (Mo. 2005) (citing *National Rejectors, Inc. v. Trieman*, 409 S.W.2d 1, 41 (Mo. 1966)), and hold that such a breach arises when an employee "' actually engages in direct competition'" with the employer. *See, e.g., Synergetics, Inc. v. Hurst*, 477 F.3d 949, 959 (8th Cir. 2007) (quoting *Scanwell*, 162 S.W.3d at 479 (Mo. 2005) (finding a breach of the duty of loyalty when certain at-will employees misappropriated trade secrets from their employer in a scheme to compete with the employer)).

Defendant urges a broader interpretation of the tort, essentially asserting that any act by an employee that might be deemed contrary to the employer's interest is actionable as a breach of the duty of loyalty. Defendant offers no controlling authority for this position, and the Court has found none.

*Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373 (Mo. Ct. App. 2000), and similar authorities cited by Defendant are inapposite. Those cases involve breaches of a fiduciary duty of loyalty by agents, corporate officers, directors or others occupying special positions of trust under Missouri law. *Gannon Int'l, Ltd. v. Blocker*, No. 4:10CV0835 JCH, 2011 WL 111885, at *9-11 (E.D. Mo. Jan. 13, 2011); *Metal Lubricants Co. v. Engineered Lubricants Co.*, 284 F. Supp. 483, 490 (E.D. Mo. 1968).

The duty of loyalty prevents the employee from competing with the employer while the employment relationship exists; the fiduciary duty requires the agent to be honest and faithful to the principal, and " in all respects to act with utmost good faith."

*Mckeehan v. Wittels,* 508 S.W.2d 277, 281 (Mo. Ct. App. 1974). While a fiduciary duty may include the duty of loyalty, it requires more. *Id.* An adequately pleaded claim for breach of fiduciary duty requires the existence of a special relationship between the parties. *Gannon Int'l, Ltd,* 2011 WL 111885, at *9 (quoting *Robert T. McLean Irrevocable Trust U/A/D v. Patrick Davis, P.C.*, 283 S.W.3d 786, 792-793 (Mo. Ct. App. 2009)). "A fiduciary relationship may arise as a matter of law by virtue of the parties' relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship where one places trust in another so that the latter gains superiority and influence over the former." *Shervin v. Huntleigh Secs. Corp.*, 85 S.W.3d 737, 740-741 (Mo. Ct. App. 2002) (citing *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 394 (Mo. Ct .App.1998)). In the absence of circumstances giving rise to such a position of trust, an at-will employee is not deemed a fiduciary under Missouri law. *See Walter Zemitsch, Inc. v. Harrison,* 712 S. W. 2d 418, 421 (Mo. Ct. App. 1986)).

Defendant here alleges that Plaintiff engaged in behavior that was unacceptable for an administrative assistant, dishonest, and insubordinate; but it nowhere alleges conduct amounting to "direct competition" with its business, as required for a breach of the duty of loyalty. Nor has Defendant alleged facts that would form the basis of a fiduciary relationship. Defendant asserts that by allowing Plaintiff to work alone and unsupervised in its office it placed her in a position of trust, but that circumstance, without more, is not sufficient to trigger a fiduciary obligation under Missouri law. *See Gannon Int'l, Ltd.*, 2011 WL 111885 at *9; *Vogel v. A.G. Edwards & Sons, Inc.,* 801 S.W.2d 746, 752 (Mo.

4

Ct. App. 1990) (requiring significant control over property and money to create a fiduciary relationship); *Mckeehan,* 508 S.W.2d at 280 (requiring confidence and trust over handling property and business affairs to establish the existence of a fiduciary duty). Accordingly, Count III of Defendant's counterclaim fails to state a claim upon which relief can be granted.

**Abuse of Process**

Under Missouri law three elements are required to state a claim for abuse of process: an illegal and unauthorized use of process; an ulterior motive for the use of that process; and resulting damages. *Howard v. Youngman,* 81 S.W.3d 101, 118 (Mo. Ct. App. 2002) (citing *Pipefitters Health & Welfare Trust v. Waldo R., Inc.*, 760 S.W.2d 196, 198 (Mo. Ct. App.1988)). "[T]here is no abuse of process, even if the defendant had an ulterior motive in bringing the action," unless the claimant alleges that process has been used to accomplish an unlawful end or to compel the defendant to do something which he could not otherwise legally be compelled to do. *Osment Models, Inc. v. Mike's Train House, Inc.*, No. 2:09-CV-04189 NKL, 2010 WL 5158251, at *4 (W.D. Mo. Nov. 22, 2010) (citing *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 320 (Mo. Ct. App. 2010)).

Defendant alleges that Plaintiff instituted the present suit for the purposes of harassment, in retribution for her discharge, and to prevent Defendant from collecting on loans made to Plaintiff. These allegations fail to state a claim for abuse of process for several reasons. First, regardless of Plaintiff's motivation, the filing of a civil action to recover wages from a former employer is not a "perverted use of process." *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 862 (Mo. Ct. App. 2000) (holding that

"[a]buse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action"). In addition, an "evil motive" for the filing of a lawsuit does not, without more, constitute a claim for abuse of process. *Crow v. Crawford & Co.*, 259 S.W.3d 104, 117 (Mo. Ct. App. 2008) (citation omitted) (holding that "[n]o liability attaches where a party has done nothing more than pursue the lawsuit to its authorized conclusion regardless of how evil his motive might be"). Finally, Defendant has alleged no facts from which the Court could conclude that the filing of this action has, or could, compel Defendant to refrain from collecting the loans it made to Plaintiff. Inasmuch as the fourth count of the counterclaim is an action to recover the moneys Defendant allegedly loaned to Plaintiff, it appears that Plaintiff's filing of this suit has not dissuaded Defendant from attempting to enforce its rights.

On the basis of the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss Counts III and V of Defendant's counterclaim is **GRANTED**. (Doc. No. 7.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2012.