UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA J. GUSTAFSON, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00443AGF |
| | ) | |
| FULL SERVICE MAINTENANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant/Counter Claimant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Reconsideration,

pursuant to Federal Rule of Civil Procedure 59(e), of this Court's denial of Defendant's

motion for summary judgment with respect to Plaintiff's claim for liquidated damages

pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("the FLSA").  On May

21, 2012, the Court issued a Memorandum and Order (Doc. No. 61) holding in part that

Plaintiff had not demonstrated a willful violation of the FLSA for purposes of application

of the three-year statute of limitations under 29 U.S.C.§ 255, and declining to enter

summary judgment for Defendant with respect to Plaintiff's claim for liquidated damages

under the FLSA.

Defendant moves for reconsideration of that ruling asserting that the Court's

determination that Plaintiff failed to satisfy her burden of demonstrating a willful

violation of the FLSA is inconsistent with the Court's determination that Defendant failed

to satisfy its burden to show that its actions do not warrant an award of liquidated

damages to Plaintiff.  For the reasons set forth below Defendant's motion will be denied.

**Applicable Law**

The FLSA requires that non-exempt employees be paid one and one-half times their hourly rate for hours worked in excess of forty hours in a single workweek. 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable for unpaid overtime compensation and "an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b). The award of liquidated damages is not considered punitive, but is "intended in part to compensate employees for the delay in payment of wages owed under the FLSA." *Hultgren v. County of Lancaster*, 913 F.2d 498, 509 (8th Cir.1990) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). "An award of liquidated damages under section 216(b) is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084 (8th Cir. 2000); *Braswell v. City of El Dorado, Ark.*, 187 F.3d 954, 957 (8th Cir. 1999) (citing *Hultgren*, 913 F.2d at 508-09); *see also Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ("the district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith. In other words, liquidated damages are mandatory absent a showing of good faith."); *see also* 29 U.S.C. § 260.

To avoid an award of liquidated damages, the employer bears the burden of establishing, by "plain and substantial" evidence, both subjective good faith and objective reasonableness. *See Chao v. Barbeque Ventures, L.L.C.*, 547 F.3d 938, 941–942 (8th Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)); *see also Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991); *Brock v.*

*Wilamowsky*, 833 F.2d 11, 19 (2d Cir.1987). That burden "'is a difficult one, with double damages being the norm and single damages, the exception.'" *Chao,* 547 F.3d at 941–942 (citations omitted).

The "good faith" requirement is a subjective standard requiring the employer to establish "'an honest intention to ascertain and follow the dictates of the FLSA.'" *Chao*, 547 F.3d at 942 (quoting *Hultgren*, 913 F.2d at 509); *see also Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 919-920 (D. Minn. 2010). An employer must show that it "took affirmative steps to ascertain the Act's requirements, but nonetheless, violated its provisions." *Ahle*, 738 F. Supp. 2d at 920 (internal quotation omitted). The absence of evidence indicating a knowing or willful violation of the FLSA is not by itself enough to support a finding of good faith." *See Martin*, 940 F.2d at 909. In addition, a showing that an employer "did not intentionally violate the Act" falls short of satisfying the objective component of the good faith requirement. *Williams v. Tri-County Growers*, 747 F.2d 121, 129 (3d Cir.1984).

"To avoid a liquidated damages award . . . the employer must also prove its position was objectively reasonable." *Chao*, 547 F.3d at 941-42 (quoting *Hultgren*, 913 F.2d at 509). "The reasonableness requirement imposes an objective standard by which to judge the employer's conduct. Ignorance alone will not exonerate the employer." *Ahle*, 738 F. Supp. 2d at 919-920 (citing *Chao,* 547, F.3d at 942).

It is well established that the willfulness standard employed in determining the statute of limitations for FLSA claims is distinct from the good faith standard applicable to the issue of liquidated damages. *Brown v. Fred's, Inc.*, 494 F.3d at 736, 743(8th Cir.

2007). The two-year statute of limitations set forth in 29 U.S.C. § 255 for FLSA claims may be extended to three years if the employee can show that the employer's violation was willful, meaning that the employer "knew or showed reckless disregard" for whether its conduct violated the FLSA. *Smith v. Heartland Auto. Servs., Inc.*, 418 F.Supp.2d 1129, 1141 (D. Minn. 2006) (quotation omitted). Plaintiff bears the burden of demonstrating willfulness, and this determination is wholly separate from the analysis applicable to an award of liquidated damages. *See Brown*, 494 F.3d at 743

**Analysis**

Defendant first asserts that Plaintiff's failure to establish a "willful" violation precludes an award of liquidated damages, but even the authority cited by Defendant in support of this proposition holds to the contrary. *See Chao*, 547 F.3d at 941-42 ("That the [employer] did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith"); *Brown*, 494 F.3d at 743 (willfulness standard employed in determining the statute of limitations is distinct from the good faith standard applicable to the issue of liquidated damages); *accord Martin*, 940 F.2d at 909; *Tri-County Growers*, 747 F.2d at 129.

On the record before it on the motion for summary judgment, the Court found that Plaintiff failed to carry her burden of demonstrating that Defendant acted with reckless disregard for the requirements of the FLSA. Defendant asserted that it had categorized Plaintiff's position as exempt, and the record indicates that during some portion of her employment Plaintiff was compensated in accordance with this categorization. Although Plaintiff offered evidence of inconsistencies sufficient to cast doubt on her

4

exempt/nonexempt status and the propriety of her compensation, she failed to offer evidence of conduct by Defendant consistent with a finding of recklessness.

Plaintiff's failure to carry her burden of proving willfulness, however, does not require a finding that Defendant satisfied its substantial burden to show that it acted with subjective good faith and objective reasonableness. A finding that an employer failed to prove good faith does not necessarily require a finding that the employer acted willfully; nor does a finding that the employee failed to prove a willful violation require a finding that the employer acted in good faith. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1274 (11th Cir. 2008); *cf. Broadus v. O.K. Indus., Inc.*, 226 F.3d 937, 944 (8th Cir. 2000) (holding in an employment discrimination case under the Equal Pay Act that "[t]he jury's decision on willfulness is distinct from the district judge's decision to award liquidated damages").

Defendant's categorization of Plaintiff's position as exempt is not conclusive evidence of either good faith or objective reasonableness. The existence of genuine and material factual disputes with respect to Plaintiff's employment status and compensation precluded the entry of summary judgment for Defendant.

In addition, although Defendant's president, Fahy, testified on deposition that he had consulted a trade organization website in an effort to ascertain his obligations under the FLSA, this testimony, without more, is insufficient to satisfy Defendant's burden to show "plain and substantial" evidence of subjective good faith and objective reasonableness and is more appropriately reserved to the jury for determination of credibility. For this reason the Court denied Defendant's motion for summary judgment

5

with respect to the liquidated damages award. As the Court noted in its previous memorandum, this determination in no way precludes submission of this issue at trial in the event that an FLSA violation is found.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for reconsideration (Doc. No. 62) is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 11th day of June, 2012.