UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA J. GUSTAFSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV00443AGF |
| | ) |
| FULL SERVICE MAINTENANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

After due consideration of the motions in limine filed by each party and the oral arguments presented to the Court,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine No. 1 (Doc. No. 80) to exclude evidence or argument concerning Plaintiff's job performance is **GRANTED**.

**IT IS FURTHER ORDERED**, in light of the parties' stipulation that evidence or argument with respect to Plaintiff's prior criminal conviction will not be offered, that Plaintiff's Motion in Limine No. 2 (Doc. No. 81) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 3 (Doc. No. 82) to exclude evidence or argument relating to Plaintiff's claim for unemployment benefits is **GRANTED in part and DENIED in part.** Although Defendant shall be generally precluded from offering such evidence or argument, Defendant may seek leave of Court to offer evidence or argument relating to the hours worked or duties performed by Plaintiff

during her final days of work for Defendant, to the extent relevant to Count II of Plaintiff's complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 4 (Doc. No. 83) to exclude evidence or argument that Plaintiff was responsible for maintaining records of her working hours is **GRANTED in part** and **DENIED in part**. Such evidence and argument shall be generally excluded, but the Court reserves its ruling with respect to evidence or argument offered by Defendant to describe Plaintiff's job functions as part of Defendant's proof of its affirmative defense that Plaintiff was an exempt employee, and if appropriate on cross-examination.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 5 (Doc. No. 84) to exclude evidence or argument with respect to personal telephone calls made by Plaintiff during working hours is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 6 (Doc. No. 85) to exclude evidence or argument that Plaintiff agreed to be compensated as a salaried employee and waived overtime pay is **GRANTED in part and DENIED in part.** Such evidence and argument shall be generally excluded, but the Court reserves its ruling with respect to the admissibility of Defendant's Exhibits B and C.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine No. 7 to exclude Exhibit K as a business record of Defendant (Doc. No. 86) is **GRANTED** to the extent Defendant relies on its own business records affidavit to lay the foundation for an exception to the hearsay rule.

**IT IS FURTHER ORDERED** that Defendant's motion in limine regarding alleged overtime prior to March 10, 2009 (Doc. No. 89) is **GRANTED.** This ruling does not preclude Plaintiff from making an offer of proof, out of the hearing of the jury, with respect to alleged overtime prior to March 10, 2009.

**IT IS FURTHER ORDERED** that Defendant's motion in limine regarding evidence of willfulness (Doc. No. 90) is **GRANTED** in part. Plaintiff may not offer evidence that Defendant knew it had violated or acted in reckless disregard of its obligations under Fair Labor Standards Act, 29 U.S.C. § 216, et. seq, but this ruling does not preclude Plaintiff from making an offer of proof, out of the hearing of the jury. Further, such evidence may be admitted to the extent relevant to rebut a good faith defense.

**IT IS FURTHER ORDERED** that Defendant's motion in limine regarding evidence of attorney's fees (Doc. No. 91) is **GRANTED**, in light of the parties' agreement to address the question of attorney's fees after the jury reaches its verdict.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2012.